IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00144-CR

 

Michael Reed,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-00032-CRF-272

 



O p i n i o n



 

Appellant, Michael Reed, was convicted
of misdemeanor assault and deadly conduct.  He was sentenced to one year of confinement
in jail, probated for two years, and a $500 fine for the misdemeanor assault
charge and four years in prison, probated for eight years, and a $2,000 fine
for the deadly conduct charge.  Reed raises two issues on appeal.




Background

      On December 5, 2002 before Michael left for work
as a security guard, he and his twin brother, Christopher Reed, had a dispute
concerning Christopher’s installing a deadbolt on a bedroom door at the home
they shared.  When he returned home from work later in the evening, Michael
found Christopher installing the deadbolt and two of his friends, Jonathan
Shenkir and Charlie Brown, playing computer games.  

Michael entered Christopher’s room still
wearing his gun belt and pistol, an expandable baton, and an “asp.”  After a brief
conversation, Michael forced Christopher to the ground with his baton.  The
brothers wrestled on the floor, and Michael then produced the “asp” and applied
it to Christopher’s rib cage.  Christopher found a pool cue and threatened his
brother with it.  In response, Michael pulled out his firearm and pointed it at
him for approximately twenty seconds before putting it back in its holster.  The
brothers continued wrestling, and Christopher forced Michael out of his room.  Jonathan
followed them into the hallway and attempted to get Michael’s weapons away from
him.  During the struggle, Michael fired the gun into the hallway wall.

Legal Sufficiency

      In his first issue, Reed complains that the
evidence is legally insufficient to establish deadly conduct as alleged in the
indictment.

When reviewing a challenge to the
legal sufficiency of the evidence to establish the elements of a penal offense,
we must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  The standard is the same for both direct and circumstantial
evidence cases.  Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim.
App. 1999).  We do not resolve any conflict of fact or assign credibility
to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  Instead, our duty
is to determine if the findings of the trier of fact are rational by viewing
all of the evidence admitted at trial in the light most favorable to the
verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

      In
the context of Reed’s charging instrument, a person commits the offense of
deadly conduct by knowingly discharging a firearm at or in the direction of a
habitation, building, or vehicle and is reckless as to whether the habitation,
building, or vehicle is occupied.  Tex.
Pen. Code Ann. §
22.05(b)(2) (Vernon 2003).

Reed specifically complains that the
evidence is insufficient to show that he discharged a firearm “at or in the
direction of a habitation.”  He argues that this language was intended to apply
to individuals discharging a firearm “from outside of the residence with an aim
directly toward the habitation or in its direction.”

The Penal Code does not define the
term “at or in the direction of.”  Words not specifically defined by the
legislature are to be understood as ordinary usage allows, and jurors may thus
freely read statutory language to have any meaning which is acceptable in common
parlance.  Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).  Specific to challenges to the sufficiency of the evidence,
reviewing courts cannot use definitions of common words that are more
restrictive than, or in any ways different than, the possible ordinary meaning
that the jury was authorized to give such words. See id.  Further, in
addition to construing words and phrases of a statute according to the rules of
grammar and common usage, reviewing courts must read the statute in context.  Tex. Gov't. Code Ann. § 311.011(a) (Vernon 2005).

      We agree with Reed that, considering common
usage of the term and reading it in context, “discharging a firearm at or in
the direction of a habitation” assumes that the actor is outside the
habitation.[1]  The
testimony presented at trial indicates that Reed was inside his home at the
time he discharged the firearm.  Accordingly, we find that a rational trier of
fact could not have found beyond a reasonable doubt the essential elements of
deadly conduct.  We sustain Reed’s first issue.

Modification of Judgment

In his second issue, Reed complains
that the written judgment of conviction as to count one of the indictment,
misdemeanor assault, incorrectly assesses punishment of one year in the “Institutional
Division-TDCJ probated for two years.”  The judgment also recites an imposed
sentence of “state jail imprisonment.”  The trial court pronounced the sentence
as “confinement in the Brazos County jail for a period of one year ... probated
for two.”

The offense of assault under Texas
Penal Code section 22.01(a)(1) is a Class A misdemeanor with a maximum
punishment of one year in jail and a $4,000 fine.  See Tex. Pen. Code Ann. § 22.01 (a)(1) and (b) (Vernon Supp. 2006); Tex. Pen. Code Ann. § 12.21 (Vernon 2003).

The State agrees and the record
reflects that the written judgment is incorrect.  The State joins Reed in
requesting that this court modify the judgment to reflect confinement in the Brazos County jail for a period of one year, probated for two years.  See Tex. R. App. P. 43.2(b).

We sustain Reed’s second issue, modify
the judgment as requested, and affirm the judgment as to count one.

Conclusion

Having sustained Reed’s two issues, we
reverse the trial court’s judgment and render a judgment of acquittal on the
offense of deadly conduct and modify and affirm the judgment as to the offense of
misdemeanor assault.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Affirmed
as modified on count one

Reversed
and rendered on count two

Opinion
delivered and filed December 20, 2006

Publish


[CR25]








 

 









    [1]   It
appears the purpose of adding this offense to the statute was to increase the
penalties for drive-by shootings.